UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS SCHREIBER, | ) |
|       Plaintiff, | ) ) ) |
|     vs. | )    Case No. 4:12CV01331AGF |
| NORTHLAND GROUP, INC., | ) ) ) |
|       Defendant. | ) |

**MEMORANDUM and ORDER**

      This matter brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, is before the Court on the motion of Defendant Northland Group, Inc.. Defendant seeks an order, pursuant to Federal Rule of Civil Procedure 36(a)(3), to deem admitted Requests for Admission directed to Plaintiff Thomas Schreiber. Defendant also requests that the Court enter an order finding that Plaintiff's objections to Defendant's Interrogatories and Requests for Production of Documents are waived, and requiring that responses be filed within fourteen days. Plaintiff has not responded to the motion and the time to do so has expired.

      On October 26, 2012, Defendant served Plaintiff, by way of e-mail and United States mail, with Interrogatories, Requests for Production of Documents, and Requests for Admission. *See* Doc. No. 16-1. Plaintiff's responses to these discovery requests were due on or before November 28, 2012. As of the date of this Order, Plaintiff has neither sought an extension of the time for response nor responded to these discovery requests.

Federal Rule of Civil Procedure 36(a) provides that a party may serve on any other party a written request to admit the truth of any matters within the permissible scope of discovery under the Rules of Civil Procedure relating to facts or the application of law to fact. *See* Fed. R. Civ. P. 36(a)(3). "'A matter is admitted' unless the party to whom the request is directed serves a written answer or objection within thirty days, or such shorter or longer period as may be ordered by the court. " *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951 (8th Cir. 2010) (quoting Fed. R. Civ. P. 36(a)(3)). "When a matter is admitted, it is 'conclusively established' for purposes of the action, 'unless the court, on motion, permits the admission to be withdrawn or amended.'" *Id.* (quoting Fed. R. Civ. P. 36(b)).

The Eighth Circuit has generously interpreted the "on motion" requirement of Rule 36(b), noting that either motions to file responses to requests for admission out of time or responses to a motion for summary judgment may be considered, "in essence, motions to withdraw admissions." *Id.* (internal quotation admitted); *see, e.g.*, *Manatt v. Union Pac. R.R.*, 122 F.3d 514, 516-18 (8th Cir. 1997) (affirming district court's grant of permission to withdraw or amend admission, where defendant filed its answer beyond the thirty days provided by Rule 36(a) because refusing the answer would not have promoted presentation of the merits and allowing an untimely answer did not prejudice defendant); *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312-14 (8th Cir. 1983) (same); *see also Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir.1987) (holding that a defendant's motion in response to the plaintiff's motion for summary judgment, along with the defendant's recorded responses to requests for admission at pre-trial hearings,

constituted motions to withdraw the admissions). In the absence of such a motion, however, the Eighth Circuit has held that where there has been no response requests for admission are properly deemed admitted. *Quasius*, 596 F.3d 947 at 951.

In this case, Plaintiff has neither responded to the Requests for Admission nor made any other filing that might be considered a motion to withdraw admissions. Therefore, the Court concludes that Defendant's motion should be granted and the Requests for Admission deemed admitted.

Defendant also seeks an order providing that by failing to file timely responses to Defendant's Interrogatories and Requests for Production of Documents Plaintiff has waived any objections thereto and requiring Plaintiff to answer Defendant's Interrogatories and Requests for Production of Documents within fourteen days. Rule 33(b)(4) of the Federal Rules of Civil Procedure likewise requires the filing of timely objections, and provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." As Plaintiff has neither filed timely objections, nor responded to Defendant's motion, the objections shall be deemed waived.

With respect to the remainder of Defendant's motion, the Court notes that Defendant has not complied with this district's local rule regarding discovery disputes. Defendant fails to include any indication or specific "statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, [and] that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." Local Rule 37-3.04 (A). For this reason, the Court will

deny Defendant's motion to compel answers and production, without prejudice to refiling, as necessary, after the parties have conferred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel (Doc. No. 16) is **GRANTED in part and DENIED in part**, as follows:

(a) Defendant's Requests for Admission propounded October 26, 2012, are deemed admitted.

(b) Any objections to Defendant's Interrogatories propounded October 26, 2012, are deemed waived.

(c) Defendant's motion to compel responses to Interrogatories and Requests for Production is **DENIED without prejudice.**

    *Audrey G. Fleissig*
    AUDREY G. FLEISSIG
    UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2013.